IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                              WESTERN DIVISION


GULFSTREAM PROPERTY AND CASUALTY
INSURANCE COMPANY,                                              PLAINTIFF


v.                                  CIVIL ACTION NO. 5:21-cv-52-DCB-LGI


ALARM.COM, INC., SENTRYNET, INC.,
STANLEY SECURITY SOLUTIONS, INC.,
NAFF'S AVA LLC                                                 DEFENDANTS


                                   ORDER

     This matter is before the Court on Defendant Alarm.com, Inc. ("Defendant")'s Motion to Dismiss [ECF No. 4].  In the Motion to Dismiss, Defendant asks this Court to dismiss with prejudice all claims that Plaintiff Gulfstream Property and Casualty Insurance Company ("Plaintiff") has filed against Defendant in the original complaint [ECF No. 1-1].  Plaintiff filed an opposition to the Motion [ECF No. 14], and Defendant responded with its rebuttal [ECF No. 15].  The Court then permitted Plaintiff to file a first motion to amend its complaint, [ECF No. 31], which Defendant opposed.  [ECF Nos. 33 and 34].  The Court granted Plaintiff's motion to amend the complaint [ECF No. 36], and, while the Motion to Dismiss still

                                     1

was pending, Plaintiff filed its First Amended and Restated Complaint.  [ECF No. 37] (the "Amended Complaint").

The Amended Complaint contains new factual allegations (which Plaintiff presumably intends will cure defects alleged in the Motion to Dismiss) and supersedes the original complaint. McCoy v. Bogan, No. CV 20-388-JWD-SDJ, 2021 WL 3730057, at *2-3 (M.D. La. July 1, 2021), report and recommendation adopted, No. CV 20-388-JWD-SDJ, 2021 WL 3729961 (M.D. La. Aug. 23, 2021); Verhine & Verhine, PLLC v. Cardiovascular Sonographers, Inc., No. CIV.A. 5:06-CV-109DC, 2007 WL 710159, at *2 (S.D. Miss. Mar. 6, 2007).  Under Fifth Circuit precedent, the superseded original complaint has "no legal effect."  King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); see also Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985).  The Motion to Dismiss, which addressed the original complaint, is rendered moot. E.g., Rutherford v. Hunt S. Grp., LLC, No. 1:18CV394-LG-RHW, 2019 WL 1460917, at *2 (S.D. Miss. Apr. 2, 2019)(because new complaint supplanted existing complaint as the operative complaint, motion to dismiss was rendered moot); Verhine & Verhine, 2007 WL 710159, at *2.  The Court therefore will deny without prejudice as moot the pending Motion to Dismiss [ECF No. 4] and will allow Defendant to re-file its motion to address the Amended Complaint.  See, e.g., McCoy, 2021 WL 3730057, at *3 (because amended complaint contained new factual allegations intended to

2

cure the deficiencies alleged in the motions to dismiss, court deemed it most efficient to deny the pending motions to dismiss as moot and allow defendants to re-urge their motions addressing the amended complaint).

Accordingly,

IT IS HEREBY ORDERED that the Motion to Dismiss [ECF No. 4] is **DENIED** without prejudice as moot, with leave to re-file.

SO ORDERED, this the 23rd day of March, 2022.

                                                      /s/   David Bramlette
                                            UNITED STATES DISTRICT JUDGE