IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


GULFSTREAM PROPERTY AND CASUALTY
INSURANCE COMPANY,                                              PLAINTIFF


v.                                  CIVIL ACTION NO. 5:21-cv-52-DCB-LGI


ALARM.COM, INC., SENTRYNET, INC.,
STANLEY SECURITY SOLUTIONS, INC.,
NAFF'S AVA LLC                                                  DEFENDANTS


MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Alarm.com, Inc. ("Defendant")'s Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 39] ("the Motion"). In the Motion, Defendant asks this Court to dismiss with prejudice all claims that Plaintiff Gulfstream Property and Casualty Insurance Company ("Plaintiff") has filed against Defendant in Plaintiff's First Amended Complaint [ECF No. 37] (the "Amended Complaint"). Plaintiff filed an opposition to the Motion [ECF No. 43], and Defendant responded with its rebuttal [ECF No. 44].

This is not the first time that Defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) in this matter. Defendant sought a dismissal of the original complaint [ECF No. 4], but the Court gave Plaintiff the

1

opportunity to amend.  [ECF No. 36].  Immediately after Plaintiff's filing of its Amended Complaint, Defendant filed the Motion now before the Court.  Defendant repeats many of the same arguments that it asserted in its first motion to dismiss because, according to Defendant, the Amended Complaint fails to cure the defects that were present in the original complaint.  [ECF No. 40] at 2.  Likewise, Plaintiff continues to assert that its complaint satisfies Federal Rule of Civil Procedure 8 and provides sufficient factual details for the Court to infer liability.  [ECF No. 43] at 3-4.

## BACKGROUND

This lawsuit stems from a fire at a residence in Natchez, Mississippi.  [ECF No. 37] ¶ 5.  According to the Amended Complaint, Plaintiff issued the homeowner's policy that insured the property.  Id. ¶ 4.  The fire-damaged residence had an alarm system that was installed by co-defendant Naff's Audio and Video.  Id. ¶ 6.  Plaintiff maintains that the alarm system was designed to notify Defendant's monitoring system in the event of a fire.  Id.  Once it received the emergency signal, Defendant's monitoring system was supposed to notify co-defendant SentryNet.  Id.  Co-defendant SentryNet was then responsible for notifying the fire department.  Id.  Plaintiff claims that the alarm monitoring systems were defective and failed to immediately

2

notify the fire department, which increased the damage to the residence.  Id. ¶¶ 8, 9.

## STANDARD OF REVIEW ON MOTION TO DISMISS

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Koch v. Christie's Int'l PLC, 699 F.3d 141, 145 (2d Cir. 2012); Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004); McCoy v. Defs., Inc., No. 3:17-cv-207-DCB-LRA, 2017 WL 6329600, at *2 (S.D. Miss. Dec. 11, 2017); Franklin v. N. Cent. Narcotics Task Force, No. 5:15-cv-120-DCB-MTP, 2016 WL 7378215, at *2 (S.D. Miss. Dec. 20, 2016).  However, the Court is not required to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also id. at 681 (citing Twombly, 550 U.S. at 551).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.' " Id. at 678 (quoting Twombly, 550 U.S. at 570).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

3

liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 550 U.S. at 570.

## DISCUSSION

Defendant summarizes Plaintiff's alleged claims in the Amended Complaint as being breach of contract, design defect, manufacturing defect, negligence, and breach of express warranty. [ECF No. 40] at 3. In its opposition to the Motion, Plaintiff does not dispute or mention this summary. [ECF No. 43]. Plaintiff describes its claims only in the most general of terms as "multiple causes of action under multiple theories against all Defendants, including Alarm.com." Id. at 5. In the same paragraph, Plaintiff asserts that its Amended Complaint "clearly states a claim both factually and legally against all Defendants, including Alarm.com." Id. Unfortunately, Plaintiff does not assist the Court and the parties by naming its claim(s) or causes of action. Given Plaintiff's lack of specificity in its opposition and ambiguity in its Amended Complaint, the Court will address individually each of the alleged causes of action in Defendant's summary.

1. <u>Breach of Contract</u>.

Defendant repeats the argument that it made in its initial motion to dismiss:  The Amended Complaint fails to allege the existence of any contract to which Defendant is a party. Without a contract, there can be no breach, and this claim fails.  [ECF No. 40] at 3.  The Court agrees.  "To survive a 12(b)(6) motion on a breach of contract claim, Plaintiff must allege (1) the existence of a valid and binding contract and (2) that Defendant has broken or breached it." <u>Rogers v. Nationstar Mortg. LLC</u>, No. 2:16-cv-197-KS-MTP, 2017 WL 11609613, at *3 (S.D. Miss. Mar. 7, 2017) (citation omitted).  Here, Plaintiff was on notice of Defendant's argument and was given the opportunity to eliminate this challenge to the complaint when the Court granted Plaintiff's motion to amend.  <u>See</u> Order, [ECF No. 36].  Despite having been given the opportunity to cure, the Amended Complaint, like the original complaint, makes no mention of the existence of any contract with Defendant.  In addition, Plaintiff's opposition [ECF No. 43] to the Motion does not refer to a contract with Defendant and does not address the breach of contract claim.[1]  Because there are no facts in the Amended

---

[1] Given that Plaintiff has failed to address this claim in its response to the Motion, the Court finds that the claim has been waived.  <u>Black v. N. Panola Sch. Dist.</u>, 461 F.3d 584, 588 n.1 (5th Cir. 2006)(on motion to dismiss, a plaintiff's failure to defend her claims beyond her complaint constituted abandonment of those claims); <u>City of Canton v. Nissan N. Am., Inc.</u>, 870 F.

5

Complaint that would permit the Court to infer that Defendant is liable for a breach of contract, the claim must be dismissed. Rodriguez v. Am. Med. Sys., Inc., 597 F. App'x 226, 231 (5th Cir. 2014) (the district court properly dismissed plaintiff's breach of contract claim because the complaint did not identify any contract between defendant and plaintiff); Rogers, 2017 WL 11609613, at *3 (plaintiff's bare allegation without reference to a specific contract or contractual term was insufficient to satisfy the pleading requirements; breach of contract claim was therefore dismissed with prejudice).

    2. Breach of Express Warranty.

A similar analysis applies to Plaintiff's claim for breach of express warranty. Plaintiff makes no mention of this claim in its opposition [ECF No. 43] to the Motion.[2] The Amended Complaint refers generically to unidentified breaches of express warranties or failures "to conform to other express factual representations" to the homeowner but provides no factual

---

Supp. 2d 430, 437 (S.D. Miss. 2012) (court held that all claims pled by the plaintiff in its amended complaint but not addressed in its responses to the dispositive motions were waived). The Court nonetheless has analyzed the merits for dismissal of this claim.

[2] Like the breach of contract claim, the Court finds that Plaintiff has waived its breach of express warranty claim given Plaintiff's failure to defend the claim in its opposition to the Motion. However, the Court will proceed to analyze the merits of dismissal. See note 1, supra.

6

content regarding the express warranties that Defendant allegedly made. [ECF No. 37] ¶ 10. In support of its original motion to dismiss the breach of express warranty claim, Defendant argued that the complaint merely stated a legal conclusion by tracking the language of Section 11-1-63(a)(i)(4) of the Mississippi Products Liability Act ("MPLA") without factual backing.[3] [ECF No. 5] at 5-6. Defendant now repeats that same argument. [ECF No. 40] at 3-4.

---

[3] Section 11-1-63 provides in pertinent part:

**§ 11-1-63. Product liability suits**

Subject to the provisions of Section 11-1-64, in any action for damages caused by a product, including, but not limited to, any action based on a theory of strict liability in tort, negligence or breach of implied warranty, except for commercial damage to the product itself:

(a) The manufacturer, designer or seller of the product shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer, designer or seller:

(i) 1. The product was defective because it deviated in a material way from the manufacturer's or designer's specifications or from otherwise identical units manufactured to the same manufacturing specifications, or

2. The product was defective because it failed to contain adequate warnings or instructions, or

3. The product was designed in a defective manner, or

4. The product breached an express warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product; and

7

As with the breach of contract claim, Plaintiff was on notice of Defendant's challenge to the breach of express warranty claim.  The Court gave Plaintiff the opportunity to eliminate the challenge by amending its complaint, but the Amended Complaint failed to resolve the defect.  The Court cannot speculate about what express warranties or "other express factual representations" Defendant might have made to the homeowner, particularly since Plaintiff has identified no contract or other writing between Defendant and the homeowner.  In the absence of facts to state a claim for relief that is plausible on its face, the breach of express warranty claim against Defendant must be dismissed with prejudice.  Austin v. Bayer Pharms. Corp., No. 5:13-cv-28-KS-MTP, 2013 WL 5406589, at *8 (S.D. Miss. Sept. 25, 2013) (amended complaint contained no specific facts in support of plaintiff's express warranty claim (i.e., no specific factual representation or promise made by defendant) and, accordingly, failed to state a claim for breach of an express warranty); Garcia v. Premier Home Furnishings, No.

---

(ii) The defective condition rendered the product unreasonably dangerous to the user or consumer; and

(iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.
…

Miss. Code. Ann. § 11-1-63 (West).

2:12-cv-167-KS-MTP, 2013 WL 4015062, at *6 (S.D. Miss. Aug. 6, 2013) (no possibility of recovery where complaint contained no specific facts regarding an express warranty; court cannot accept as fact "'conclusory allegations, unwarranted factual inferences, or legal conclusions'") (internal citations omitted); Deese v. Immunex Corp., No. 3:11-cv-373-DPJ-FKB, 2012 WL 463722, at *6 (S.D. Miss. Feb. 13, 2012) (citing Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 570, court dismissed with prejudice express warranty claim where complaint failed to identify any express warranty or express factual representation made by defendants, thereby failing to state a claim for relief that was plausible on its face).

    3. Negligence.

    In reliance on Austin v. Bayer Pharmaceuticals, Defendant argues that Plaintiff cannot plead a standalone negligence claim that is based on a theory identical to its products liability claim because such a claim is subsumed by the MPLA. [ECF No. 40] at 6; Austin, 2013 WL 5406589, at *5 ("The MPLA subsumed common law negligence claims based on a defective product."); see also Nelson v. C.R. Bard, Inc., 553 F. Supp. 3d 343, 349 (S.D. Miss. 2021) (" … according to the Mississippi Supreme Court, 'the MPLA provides the exclusive remedy for products-liability claims.' … Because this case clearly involves the recovery of damages related to an allegedly defective product,

9

the Court finds that the 2014 amendments to the MPLA and the decision in Elliot [v. El Paso Corp.] make clear that any … common law tort claims, under the facts of this case, would be subsumed by the MPLA.")(internal citations omitted); Hall v. Smith & Nephew, Inc., No. 5:19-cv-13-DCB-MTP, 2020 WL 3452621, at *1 (S.D. Miss. May 29, 2020) (negligence claim was governed by MPLA, "which provides the exclusive remedy for product liability claims."); Elliott v. El Paso Corp., 181 So. 3d 263, 268-69 (Miss. 2015)("[T]he MPLA has abrogated products-liability claims based on strict-liability or negligence theories, and the MPLA now provides the roadmap for such claims. … To the extent that Plaintiffs purport to make common-law negligence or strict-liability claims … , we find that those claims fail as a matter of law.").

While it is difficult to discern exactly which causes of action Plaintiff is attempting to pursue, the Court notes that the Amended Complaint refers to negligence only in relation to an alleged defective design and malfunction of the alarm monitoring system.  For example, paragraph 10 of the Amended Complaint states in part:

> Alarm.com's alarm monitoring system was defective for its failure to have a backup operating system.  Additionally, Alarm.com's was negligent in failing to have a backup operating system be in place. …

10

[ECF No. 37] ¶ 10.

Paragraph 11 alleges:

> … The Alarm Monitoring System would not have malfunctioned but for Defendants' negligent or defective design of the Alarm Monitoring System (as detailed above) which resulted in the failure of the system to properly relay the duress code to SentryNet and the fire department. …

And paragraph 16 provides in part:

> Defendants' negligence, design defect, or product malfunction caused extensive damage to the Fleming residence … .

Cf. McSwain v. Sunrise Med., Inc., 689 F. Supp. 2d 835, 844 (S.D. Miss. 2010)(on summary judgment, plaintiff's common law negligence claims failed because they were mere restatements of the claims brought under the MPLA, and not supported by sufficient evidence); Moss v. Batesville Casket Co., 935 So. 2d 393, 406-07 (Miss. 2006) (claims dismissed on summary judgment where plaintiffs merely reargued their warranty claims under the guise of negligence).  The Court further notes that Plaintiff never refers to a common law negligence claim and never mentions the word "negligence" or "negligent" in its opposition [ECF No. 43] to the Motion.[4]  Neither the Amended Complaint nor Plaintiff's opposition sets forth the elements of a common law

---

[4] To the extent that Plaintiff intends to assert a common law negligence claim, the Court deems such a claim to be waived. See notes 1 and 2, supra.  As with the prior claims, the Court has nonetheless analyzed the merits.

11

negligence claim under Mississippi law with the factual allegations necessary to support those elements.  If Plaintiff intends to assert a standalone common law negligence claim against Alarm.com, it is dismissed with prejudice.  Deese, 2012 WL 463722, at *6 (because negligence claims concerning breach of a duty were neither supported in the complaint nor defended in the response, claims were dismissed with prejudice).

    4.   Claims subject to the MPLA.

Although Plaintiff does not reference or cite to the MPLA in its Amended Complaint or in its opposition to the Motion, the Mississippi statute exclusively governs manufacturing defect and design defect claims.  Elliot, 181 So.3d at 268 ("In interpreting and applying the MPLA, we have explained that 'the MPLA provides the exclusive remedy' for products-liability claims, and 'since [the enactment of the MPLA], products-liability claims have been specifically governed by statute, and a claimant, in presenting his case, must pay close attention to the elements of the cause of action and the liability limitations enumerated in the statute.'") (internal citations omitted).

Plaintiff's opposition to the Motion relies heavily on Flagg v. Stryker Corp., 647 F. App'x 314 (5th Cir. 2016), a decision in which the Fifth Circuit reversed the dismissal of

manufacturing defect and design defect claims under the Louisiana Products Liability Act.  [ECF No. 43] at 3-4.  Citing Flagg, Plaintiff argues that at the current pre-discovery stage of this litigation, a plaintiff "need only address whether, with discovery, he could prove the defendants' liability."  Id. at 3.  While the Court is mindful of the Fifth Circuit's reasoning in Flagg, the Court also is concerned that Plaintiff's absolute reliance on Flagg may be shortsighted in light of the "clear, concise explanations of what an MPLA plaintiff must plead to survive a 12(b)(6) motion" in this district.  Austin, 2013 WL 5406589, at *5 (citing Adams v. Energizer Holdings, Inc., No. 3:12-cv-797-TSL-JMR, 2013 WL 1791373 (S.D. Miss. Apr. 19, 2013), and Deese, 2012 WL 463722, at *5-*11).  The Court finds it noteworthy that, in Flagg, the plaintiff contended that he consulted with an expert and amended his complaint to include as much detail as possible about the specifications, performance standards, and design of the product at issue.  Flagg, 647 F. App'x at 317.  The Court is not aware of Plaintiff expending similar efforts in this case, and the Amended Complaint contains no such information.  Keeping in mind the analysis and guidance provided in Flagg, the Court however is not persuaded that the holding of Flagg with respect to Louisiana products liability litigation eviscerates the well-established MPLA pleading requirements that are set forth in decisions from state and

13

federal courts in Mississippi.  See, e.g., Austin, 2013 WL 5406589, at *5.

    A.   Manufacturing Defect.

To plead a manufacturing defect claim in Mississippi, the MPLA plaintiff must "allege how the subject product(s) deviated from the manufacturer's specifications or other units." Adams, 2013 WL 1791373, at *3; see also Miss. Code Ann. § 11-1-63 (a)(i)(1), reproduced supra note 3; Austin, 2013 WL 5406589, at *6 (manufacturing defect claim dismissed where plaintiff did not even make a conclusory allegation that the device deviated from the manufacturer's specifications or other units); Deese, 2012 WL 463722, at *3.  In addition, the MPLA imposes a temporal requirement that the product deviation must have existed at the time the product left the control of the manufacturer, designer or seller.  Miss. Code Ann. § 11-1-63 (a), reproduced supra note 3.

Defendant challenges Plaintiff's Amended Complaint for its failure to plead a deviation from the manufacturer's specifications.  [ECF No. 40] at 4; [ECF No. 44] at 2-3. Plaintiff does not address this challenge directly in its opposition [ECF No. 43] to the Motion.  Plaintiff gives instead a general defense which appears to be that Flagg and Federal Rule of Civil Procedure 8(a)(2) excuse Plaintiff from pleading

14

anything more than a short and plain statement of the claim and whether, with discovery, Plaintiff can prove Defendant's liability. [ECF No. 43] at 3.

The Court has carefully reviewed Plaintiff's Amended Complaint and its opposition to the Motion and cannot conclude that Plaintiff has any serious intention of pleading a manufacturing defect claim under the MPLA. There is no mention in either document – not even a conclusory allegation - of the alarm monitoring system's specifications, any deviation therefrom, or the condition of the product when it left the control of the manufacturer or seller. The Fifth Circuit noted that the plaintiff in Flagg had amended his complaint to include as much detail as possible about the product specifications. Flagg, 647 F. App'x at 317. Here, the Amended Complaint is silent regarding product specifications. Even if the Court were to follow Plaintiff's proposed standard of review, the Court finds no allegations in this Amended Complaint that convince the Court of Plaintiff's ability, with discovery, to prove Defendant's liability under the MPLA. While the Court strongly adheres to the Fifth Circuit's admonition that Rule 12(b)(6) motions are to be "viewed with disfavor" and "rarely granted," the Court sees no option here but to dismiss the manufacturing defect claim, to the extent one may be intended, against

15

Defendant. Lormand v. US Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

B. Design Defect.

It appears to the Court that Plaintiff is most focused on what the Court interprets to be a design defect claim.[5] [ECF No. 43] at 4. To survive a Rule 12(b)(6) motion on a design defect claim under the MPLA, Plaintiff must identify some defect in the design of the alarm monitoring system and must establish that there existed a feasible design alternative that would have, to a reasonable probability, prevented the harm. See Miss. Code Ann. §§ 11-1-63(a)&(f); Austin, 2013 WL 5406589, at *5; Adams, 2013 WL 1791373, at *2.

Defendant argues that Plaintiff fails to plead a viable design defect claim because the Amended Complaint contains no allegation that Defendant's "purported 'operating system'" was (1) actually defective; and (2) failed to function as expected. [ECF No. 40] at 5-6. Defendant further argues in rebuttal that

---

[5] The Court is compelled to relate that it has struggled to render a fair interpretation of Plaintiff's Amended Complaint and opposition to the Motion. A court's review is assisted by clear and concise pleading that sets forth the precise claims to be pursued. On the other hand, judicial review is hindered by what the Fifth Circuit has described as a "shotgun approach to pleadings ... where the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick." S. Leasing Partners, Ltd. v. McMullen, 801 F.2d 783, 788 (5th Cir.1986).

the Amended Complaint "does not allege a single fact tangentially related to a reasonable alternative design" and that "the purported malfunction is not the cause, but the effect, which fails to state a claim."  [ECF No. 44] at 3-4.

In defense of its claim, Plaintiff asserts:

> … Alarm.com designed the alarm system to notify SentryNet in the event of a fire. … [T]he Amended Complaint describes the specific failure of the alarm system, namely, that a duress code was sent to Alarm.com's monitoring system at 2:26 AM, but for reasons that remain unexplained, Alarm.com's monitoring system did not notify SentryNet who was responsible for alerting the Fire Department. …  The bottom line is that Alarm.com's monitoring system did not notify SentryNet due to its failure to have a backup system in place or its system malfunctioned due to a design defect or other defect."

[ECF No. 43] at 4.

The Court finds that the Amended Complaint contains allegations of factual content that are sufficient, at this stage of the litigation, for the Court to draw a reasonable inference regarding Defendant's alleged liability and for the Court to permit a design defect claim under the MPLA to proceed to discovery.  The Amended Complaint describes an alarm system "which was designed to notify Alarm.com's monitoring system in the event of a fire. In turn, Alarm.com's system was designed to notify SentryNet ... once it received the emergency signal. SentryNet was then responsible for notifying the Fire Department of any fire at the property."  Amended Complaint ¶ 6.  Plaintiff

17

alleges that the alarm system failed in accordance with its design to trigger the alarm at the residence and relay the signal to SentryNet. Id. ¶¶ 7-10. Among other things, the Amended Complaint alleges that Defendant's monitoring system was defective for (i) its failure to have a backup operating system, (2) failing to be designed in a safe manner that triggered and relayed the alarm correctly, and (3) being sold and/or distributed and installed at the residence in the defective condition. Id. ¶ 10. Although not specifically designated in the Amended Complaint as a "feasible design alternative" in satisfaction of Section 11-1-63(f) of the MPLA, the allegation regarding a backup operating system suggests an alternative design that is sufficient to survive the Motion. See Flagg, 647 F. App'x at 318 (although not designated as an alternative design, allegation regarding a different alloy suggested that an alternative design existed which would have reduced the risks of the original product). The Motion is denied with respect to Plaintiff's design defect claim against Defendant under the MPLA. This claim may proceed subject to all applicable conditions and requirements set forth in the MPLA.

    5.   Other Claims.

The Amended Complaint contains passing references to claims for recovery under the theories of malfunction and res ipsa

loquitur. Amended Complaint ¶ 11. To the extent that the Amended Complaint is attempting to plead separate claims or distinct causes of action in addition to those discussed above in Parts 1-4 of this Memorandum Opinion and Order, any such additional claims or causes of action are dismissed for the failure to plead sufficient factual allegations in support thereof. Davis v. Cloplay Corp., No. 1:18-cv-207-HSO-JCG, 2019 WL 1231685, at *4 (S.D. Miss. Mar. 15, 2019)("Without addressing whether the doctrine of res ipsa loquitor could apply to a claim under the MPLA, the Court is of the opinion that [plaintiff] has also not alleged sufficient facts to state a claim under that alternative theory.").

Accordingly,

IT IS HEREBY ORDERED that the Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 39] is **GRANTED** in part and **DENIED** in part as follows: all claims and causes of action against Alarm.com are dismissed with prejudice except for a design defect claim under the Mississippi Products Liability Act, Miss. Code Ann. § 11-1-63, which is not dismissed.

SO ORDERED, this the 16th day of May 2022.

/s/   David Bramlette
UNITED STATES DISTRICT JUDGE